IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOREN RANCOURT,<br><br>                Plaintiff,<br><br>vs.<br><br>HON. CHIEF JUSTICE JOEL BOLGER, *et al.*,<br><br>                Defendants. | Case No. 3:21-cv-00189-JMK<br><br>**ORDER RE:<br>POST-JUDGMENT MOTIONS** |

Before the Court at Docket 71 and Docket 74 are two post-judgment motions from Plaintiff Loren Rancourt. On January 19, 2023, the Court entered a Final Judgment in the above-captioned case.[1] Mr. Rancourt filed a Notice of Appeal on January 24, 2023.[2] The Ninth Circuit Court of Appeals issued an appeals case number and scheduling order on January 27, 2023.[3] Mr. Rancourt filed a Motion to Reconsider Order Dismissing Complaint on January 30, 2023.[4] Mr. Rancourt filed a Motion and Affidavit for Permission to Proceed in Forma Pauperis on February 21, 2023.[5] On April 4, 2023, the Ninth Circuit

---

[1] Docket 69.
[2] Docket 70.
[3] Docket 72; Docket 73.
[4] Docket 71.
[5] Docket 74.

Court of Appeals held the appellate briefing in abeyance pending the resolution of the Motion at Docket 71.[6] This Court now addresses both outstanding motions.

At Docket 71, Mr. Rancourt "asks the court to take the tin foil hat off this case[.]"[7] Interspersed with hypothetical questions and profanity, Mr. Rancourt broadly asserts that a "facial challenge applies to this case" as does a "clear exception to Rooker Feldman."[8] Motions for reconsideration filed pursuant to Local Civil Rule 7.3(h) only apply to non-dispositive court orders.[9] Procedurally, such motions are limited to five pages and must be filed within seven days of the Court's order.[10] Substantively, the Court denies motions for reconsideration unless the movant demonstrates a (1) manifest error or law or fact; (2) discovery of new materials facts; or (3) an intervening change of the law.[11] Based on all of the above, Docket 71 does not present proper grounds as a motion for reconsideration pursuant to Local Civil Rule 7.3(h).

Even liberally construed, Docket 71 does not present grounds for consideration under Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) allows a district court to alter or amend a final judgment. Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."[12] The Rule "gives a district court the chance 'to rectify its own mistakes in the period

---

[6] Docket 75.
[7] Docket 71 at 1.
[8] Docket 71 at 3–6.
[9] Local Civil Rule 7.3(h).
[10] Local Civil Rule 7.3(h)(2).
[11] Local Civil Rule 7.3(h)(1).
[12] Federal Rule Civil Procedure 59(e).

*Rancourt v. Bolger* Case No. 3:21-cv-00189-JMK
Order Re: Post-Judgment Motions Page 2
Case 3:21-cv-00189-JMK   Document 76   Filed 05/16/23   Page 2 of 5

immediately following' its decision."[13] Rule 59(e) does not prescribe specific grounds for a motion to amend or alter; thus, "the district court enjoys considerable discretion in granting or denying the motion."[14] However, relief under Rule 59(e) is granted in only "highly unusual circumstances," because amending a judgment after entry is "an extraordinary remedy to be used sparingly[.]"[15]

  Generally, there are four grounds for relief under Rule 59(e): (1) to correct a court's manifest error of law or fact; (2) to present "newly discovered or previously unavailable evidence"; (3) to prevent "manifest injustice"; or (4) because of an "intervening change in controlling law."[16] A party should not be using Rule 59(e) to present new arguments or evidence that could have been reasonably raised earlier.[17] Moreover, a party "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"[18] While procedurally correct under Rule 59(e), Docket 71 does not contain arguments that merit altering or amending the Final Judgment. At best, Mr. Rancourt reiterates his previous arguments that the Court considered and denied in its

---

[13] *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).
[14] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253 n.1 (9th Cir. 1999)).
[15] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).
[16] *Allstate Ins. Co.*, 634 F.3d at 1111.
[17] *Id*. at 1112.
[18] *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (citation and internal quotation omitted).

Order at Docket 68, and at worst, Mr. Rancourt simply expresses his dissatisfaction with the Court's ruling.[19]

Alternatively, a federal district court may apply Rule 60(b) of Federal Civil Procedure to reconsider a final judgment on either legal or factual grounds. Rule 60(b) permits a court to relieve a party from a final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Docket 71 fails to make any arguments, even liberally construed, that merit further review under Rule 60(b).

Accordingly, the motion at Docket 71 is **DENIED.** In accordance with Federal Rule of Appellate Procedure 4(a)(4)(B), Plaintiff's Notice of Appeal as to the Final Judgment in this case is effective immediately. However, if Plaintiff intends to appeal the

---

[19] *See generally* Docket 71.

Court's decision made in this Order, Plaintiff has 30 days to file an Amended Notice of Appeal.[20]

In accordance with Federal Rule of Appellate Procedure Rule 3(e), the motion at Docket 74 is **GRANTED**.

All further filings, except an Amended Notice of Appeal, should be directed to the Ninth Circuit Court of Appeals in accordance with the Federal Rules of Appellate Procedure. The Court also guides Mr. Rancourt to reference and comply with the instructions given in the Ninth Circuit Court of Appeals Order issued on April 4, 2023, and cross-docketed at Docket 75.

**IT IS SO ORDERED** this 16th day of May, 2023, at Anchorage, Alaska.

                                        */s/ Joshua M. Kindred*
                                        JOSHUA M. KINDRED
                                        United States District Judge

---

[20] Federal Rule of Appellate Procedure 4(a)(4)(B)(ii).